Farkunda Zareen KHAN, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–71195.

United States Court of Appeals, Ninth Circuit.

Submitted July 1, 2008.*

Filed July 10, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Gopalan Nair, Esq., Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., U.S. Department of Justice, Civil Division, Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Farkunda Zareen Khan, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review "whether substantial evidence supports a finding by clear, unequivocal, and convincing evidence that [Khan] abandoned [her] lawful permanent residence in the United States." *Khodagholian v. Ashcroft*, 335 F.3d 1003, 1006 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

■ Substantial evidence supports the IJ's determination that the government met its burden of showing Khan abandoned her lawful permanent resident status, because the record does not compel the conclusion that she consistently intended to return to the United States promptly. *See Singh v. Reno*, 113 F.3d 1512, 1514 (9th Cir.1997) (holding that "[t]he relevant intent is not the intent to return ultimately, but the intent to return to the United States within a relatively short period" and adding that an alien "may extend his trip beyond that relatively short period only if he intends to return to the United States as soon as possible thereafter"); *see also Chavez–Ramirez v. INS*, 792 F.2d 932, 937 (9th Cir.1986) (alien's trip abroad is temporary only if he has a "continuous, uninterrupted intention to return to the United States during the entirety of his visit").

■ We lack jurisdiction to review Khan's contention that the IJ was biased because she failed to raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (due process challenges that are "procedural in nature" must be exhausted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.